UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MINDY WILLENBORG, as Special
Administrator of the Estate of Cordarrell Abbott,
Deceased,

        Plaintiff,

     v.

STEPHEN F. OZIER, Cumberland County
Sheriff, CUMBERLAND COUNTY SHERIFF'S
DEPARTMENT and CUMBERLAND
COUNTY SHERIFF'S DEPUTY JOHN DOE,

        Defendants.

Case No. 09-cv-1002 -JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6) filed by defendant Cumberland County Sheriff's Department ("the

Department") (Doc. 13).  Plaintiff Mindy Willenborg, as special administrator of the estate of

Cordarrell Abbott, responded to the motion (Doc. 18).  When reviewing a Rule 12(b)(6) motion

to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## I.      Alleged Facts

This case arose after Cordarrell Abbott, the plaintiff's decedent, was arrested and

detained in the Cumberland County Jail, of which defendant Sheriff Stephen Ozier was in

charge.  Abbott had been detained at the jail on several prior occasions and had been routinely

placed on suicide watch.  At the time of this arrest, Abbott, who had bipolar disorder, was taking

medication for depression.  When he was arrested, a probation officer brought his medication to

the jail and instructed jail personnel that Abbott was to be given the medicine exactly as

instructed by Abbott's doctor.  Nevertheless, jail personnel did not give Abbott his medication as prescribed and did not take measures to prevent him from harming himself, as they had during his prior detentions.  The day after his arrest and detention, Abbott committed suicide.

Willenborg, the administrator of Abbott's estate, brings this action under 42 U.S.C. § 1983 against Sheriff Ozier, the Department and an unnamed sheriff's deputy for violation of his Fourteenth Amendment right as a pretrial detainee to be free from deliberate indifference to his serious medical and safety needs.  *See Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003); *Payne v. Churchich*, 161 F.3d 1030, 1039-41 (7th Cir. 1998).  Willenborg also suggests she is pursuing a separate claim under the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*  She believes the defendants were deliberately indifferent and/or negligent for failing to give Abbott his medication and for failing to take measures to prevent him from harming himself.

The Department asks the Court to dismiss the claims against it because it is not an entity capable of being sued.  Not exactly countering the Department's arguments, Willenborg responds that Sheriff Ozier is suable under § 1983.

## II.     Analysis

An entity cannot be sued unless it has the capacity to be sued under Federal Rule of Civil Procedure 17(b).  To determine whether an entity has the capacity to be sued under Rule 17(b), the Court looks to state law.  Under Illinois, only legally existing entities can be sued.  *Jackson v. Village of Rosemont*, 536 N.E.2d 720, 723 (Ill. App. Ct. 1988).  A sheriff's department or sheriff's office is not legally independent of the sheriff himself,  *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992), although the sheriff is legally separate from the county and the state and can therefore be sued in his own right, *see DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 n. 2 (7th Cir. 2000).  Thus, the Department cannot be sued separately from Sheriff

Ozier because it is essentially the same entity as Sheriff Ozier.  Claims against the Department

and the Sheriff are redundant.  The Court will therefore strike the claims against the Department

pursuant to Federal Rule of Civil Procedure 12(f) as redundant of the claims against Sheriff

Ozier.

This ruling does not impact the claims brought against Sheriff Ozier, who has the

capacity to be sued as an independently elected state constitutional officer for acts in his duties

managing the jail and caring for jail detainees.  *See* Ill. Const. art. 7, § 4(c);  730 ILCS §§ 125/2

& 17;  *DeGenova*, 209 F.3d at 977 (sheriff suable for managing jail).

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** the Department's motion to dismiss (Doc.

13) and **STRIKES** Willenborg's claims against the Department as redundant of the claims

against Sheriff Ozier.  The Department is terminated as a separate defendant in this case.

**IT IS SO ORDERED.**
**DATED:  April 1, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**